### 4810.   DOZIER v. THE STATE.

Where, in a criminal case, the accused, in his statement at the trial, presents a theory which if true entitles him either to an acquittal or to conviction of a lower grade of offense than that charged in the indictment, it is error for the court to refuse a written request to charge the jury upon the law applicable to that theory.

DECIDED MAY 20, 1913.

Accusation of larceny from house; from city court of Vienna—
Judge Lasseter. February 22, 1913.

*Jule Felton,* for plaintiff in error.

*Watts Powell, solicitor,* contra.

POTTLE, J. The accused was convicted of the larceny of a piece
of meat from a storehouse of the Byrom Corporation. The main
witness for the State testified, on direct examination, that the ac-
cused came to the store to purchase some meat, took a side of meat
from the box, cut off a piece weighing about 9 pounds, paid for
it, and put the remainder, weighing about 12 or 14 pounds, back
into the meat box. Afterward the accused made several other pur-
chases, put them all in a sack, and took them home. Shortly after
he left, the meat was missed, and the witness went to the home
of the accused in search of it. The accused opened the sack in the
presence of the witness, took out the 9-pound piece of meat, and
said that this was all that he bought. The witness looked in the
sack and found another piece of meat, which he identified as the
other portion of the side of meat from which the 9 pounds were
cut. The accused was requested to go back to the store, and, on
the way, he remarked that this was the only thing he had ever
taken in his life, and if the witness would not put him in jail, he
was willing to go to work for him. On cross-examination the wit-
ness testified that he did not hear the accused tell him that he got
the other piece of meat, and to charge it to him. The witness
would not say, however, that the accused did not make this state-
ment, because he was some distance away from him. The accused
had worked in the store for a number of years, had a good credit
there, had cut meat, delivered goods, collected money, and per-
formed similar duties. When the witness first saw the meat at the
house of the accused, the accused contended that he had weighed
the meat and told the witness to charge it to him. When the ac-
cused first came to the store to make the purchase, he told the
witness that he wanted all of the side of meat, but did not have
enough money, and he had better let part of it remain. The wit-
ness had known the accused for several years and his previous
character had been good. Another witness also testified to the good
character of the accused. The accused, in his statement, said that
after he cut off the 9-pound piece of meat and the clerk who was
serving him had taken his money and had gone across the store to

a desk to make out the cash ticket, the accused told the clerk that he would take the other piece of meat also, and gave its weight and requested that it be charged to him. He thought the witness heard this statement. He had often gotten meat at the store before and had it charged to himself. He excepts to the overruling of his motion for a new trial.

The court was requested in writing to charge the jury as follows: "If the defendant took the meat and requested Mr. Slade to charge it to him, and he believed that he was entitled to take it under these circumstances, you could not convict this defendant." The judge declined to give this instruction, but did charge generally the law as to the prisoner's statement at the trial. The refusal to charge as requested is complained of in the motion for a new trial. The accused was entitled to have the court give the instruction requested. If no request is made to do so, it is not generally reversible error to fail to charge on a theory arising solely from the prisoner's statement, but when a pertinent and legal request is presented for an instruction upon such a theory, it is as much reversible error to refuse to give it as it would be to refuse to give an instruction based upon a theory arising from the sworn testimony in the case. If this were not true, the accused could be deprived of the benefit of the statement which the law authorizes him to make in his own defense, and which is often the only means by which the accused can rebut a prima facie case against him made by the State's evidence. According to the evidence for the State, if the clerk had been requested by the accused to extend credit for the meat, he would have done so; and the clerk, who testified in behalf of the State, does not unequivocally deny the statement that the accused made the request that the meat be charged to him. The guilt of the accused is by no means free from doubt, and he was entitled to the instruction which he requested the court to give. There are several other grounds in the motion for a new trial, but none of them disclose any material error.    *Judgment reversed.*