## 5621. ROWE v. THE STATE.

RUSSELL, C. J. The prime test of the disqualification of jurors is the probability of interest, prejudice, or bias, as ascertained and determined by the application of the court's judicial knowledge of the particular facts which may indicate prejudice or bias or the absence thereof. *Temples* v. *Central of Ga. Ry. Co.*, ante, 115 (82 S. E. 777). Prejudice does not necessarily denote ill feeling, and may indicate only prejudgment; and bias is a mere leaning to one side of an issue rather than to the other. Judicial knowledge does not extend to facts which are not included within universal common knowledge and experience; and since it does not rest within the universal experience of mankind that a person will naturally prejudge a cause in favor of one who is engaged in the same occupation with himself, and be naturally inclined to lean towards him, it can not be said to be a matter of judicial knowledge that a road commissioner or overseer is disqualified by either prejudice or bias from serving as a juror upon the trial of one accused of assaulting and beating another road overseer.

*Judgment affirmed. Broyles, J., not presiding.*
DECIDED FEBRUARY 3, 1915.

Accusation of assault and battery; from city court of Monroe— Judge Stone. March 9, 1914.

*J. H. Felker,* for plaintiff in error.
*Hal G. Nowell, solicitor,* contra.

---

### 5630. CENTRAL OF GEORGIA RAILWAY COMPANY v. DOZIER.

WADE, ·J. Viewing the charge of the court as a whole, there is no substantial merit in any of the assignments of error; a verdict in favor of the plaintiff was authorized by the evidence, as the allegations of the petition were substantially proved as laid (*Dozier* v. *Central of Georgia Railway Co.*, 12 *Ga. App.* 753, 78 S. E. 203) ; and the verdict returned was not excessive. The court therefore did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, J., not presiding.*

DECIDED FEBRUARY 3, 1915.

Action for damages; from city court of Emanuel—Judge Rawlings. January 3, 1914.

*Saffold & Jordan,* for plaintiff in error.
*Horace M. Holden, T. N. Brown,* contra.